UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 22 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| R. CEASAR, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Civil Action No.  20-1564 (UNA) |
| SCOTT HARRIS, | ) ) ) |
|    Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter, brought *pro se*, is before the Court on review of plaintiff's motion for leave to proceed *in forma pauperis* (IFP), ECF No. 2, and the Complaint and Motion to Compel, ECF No. 1. The IFP motion will be granted, and this case will be dismissed.

Plaintiff has sued the Clerk of the United States Supreme Court in his official capacity. In addition to injunctive relief, plaintiff seeks monetary damages. *See* Compl. at 3. The Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam). Therefore, "a lower court may [not] compel the Clerk of the Supreme Court to take any action." *Id.*; *see Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action.").

In addition, "the Supreme Court Clerk and Clerk's office staff enjoy absolute immunity from a lawsuit for money damages based upon decisions falling within the scope of their official duties." *Miller v. Harris*, 599 Fed. App'x 1 (D.C. Cir. 2015) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam)); *see Reddy v. O'Connor*, 520 F. Supp. 2d

1

124, 130 (D.D.C. 2007) (actions consisting of the denial of a petition for a writ of certiorari and the Deputy Clerk's refusal to file documents concerning a subsequent petition "are quintessentially 'judicial' in nature because they are 'an integral part of the judicial process'") (quoting *Sindram*, 986 F.2d at 1460-61).  Therefore, this case will be dismissed with prejudice. *See Fletcher v. Harris*, 790 Fed. App'x 220 (D.C. Cir. 2020) ("The district court correctly denied appellant's motion for injunction and dismissed the case with prejudice, because appellant's claim for money damages against the Clerk of the Supreme Court was barred by absolute immunity.").  A separate order accompanies this Memorandum Opinion.

                                                   SIGNED:     EMMET G. SULLIVAN
                                                   UNITED STATES DISTRICT JUDGE

DATE:  June 22, 2020